UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| STUART MERSHON, | § | CIVIL ACTION NO. 2-07CV-006 TJW |
| | § | |
| Plaintiff, | § | **JURY TRIAL DEMANDED** |
| | § | |
| v. | § | **DEFENDANT SLING MEDIA, INC.'S** |
| | § | **ANSWER TO PLAINTIFF'S** |
| SLING MEDIA, INC., | § | **COMPLAINT AND** |
| | § | **COUNTERCLAIMS** |
| Defendant. | § | |
| | § | |
| | § | |

Defendant Sling Media, Inc. ("Sling"), by and through its undersigned counsel, answers the Complaint for Patent Infringement of Stuart Mershon ("Mershon") as follows:

**I.   NATURE OF THE ACTION**

Defendant Sling admits that the Complaint purports to be a complaint for patent infringement under Title 35 of the United States Code.

**II.   JURISDICTION AND VENUE**

1.   Defendant admits that the Complaint purports to be an action under the patent laws of the United States, 35 U.S.C. § 101 *et seq*, and that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1337, and 1338(a).

2.   Defendant admits that venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and (d) and 1400(b), and that a component of its product, the Slingbox, is made by Texas Instruments Incorporated.  Defendant denies the remaining averments of Paragraph 2 of the Complaint.

...

**III.    PARTIES**

3. Defendant lacks sufficient information on which to admit or deny the averments of Paragraph 3 of the Complaint, and accordingly denies them.

4. Defendant admits that it is a Delaware Corporation, that it manufactures and sells the Slingbox and the accompanying SlingPlayer software, and that these products are part of an emerging market of devices that allow what is sometimes referred to as "place-shifting." Defendant admits that the products permit users to remotely access content from their television or personal television recorders and that users can then watch content on their computers or handheld or mobile devices the same content that they could watch on their home television set. Defendant admits that it sells its products throughout the United States. Defendant denies the remaining averments of Paragraph 4 of the Complaint.

**IV.    PATENT AT ISSUE**

5. Defendant admits that United States Patent No. 6,212,282 is entitled "Wireless Speaker System" and that a purported copy of this patent is attached to the Complaint as Exhibit A. Defendant lacks sufficient information on which to admit or deny the remaining averments of Paragraph 5 of the Complaint, and accordingly denies them.

**V.    DEFENDANT'S INFRINGING CONDUCT**

6. Defendant lacks sufficient information to admit or deny the averments of Paragraph 6 of the Complaint, and accordingly denies them.

7. Defendant admits that it has manufactured and sold the Slingbox and Slingplayer software and that these allow users to view content from their home televisions on wireless devices such as handheld computers, laptops, and mobile phones. Defendant denies the remaining averments of Paragraph 7 of the Complaint.

8. Defendant denies the averments of Paragraph 8 of the Complaint.

9. Defendant admits that it received correspondence from Mershon's attorneys dated March 4, 2005 and April 22, 2005. Defendant admits that it launched its SlingBox in July 2005. Defendant denies the remaining averments of Paragraph 9 of the Complaint.

10. Defendant admits that the filing of this Complaint constitutes notice to Sling in accordance with 35 U.S.C. § 287 as to the '282 Patent. Defendant denies the remaining averments of Paragraph 10 of the Complaint.

## VI.  CLAIM FOR RELIEF

### A.  Patent Infringement

11. Defendant responds to the averments as set forth in Paragraphs 1-10 above.

12. Defendant denies the averments of Paragraph 12 of the Complaint.

13. Defendant denies the averments of Paragraph 13 of the Complaint.

14. Defendant denies the averments of Paragraph 14 of the Complaint.

15. Defendant denies the averments of Paragraph 15 of the Complaint.

16. Defendant denies the averments of Paragraph 16 of the Complaint.

### B.  Jury Demand

17. Defendant demands a jury trial on all issues triable to a jury.

## VII.  AFFIRMATIVE DEFENSES

18. As a first and separate defense, Defendant alleges that the Complaint fails to state a cause of action against Sling for which relief can be granted.

19. As a second and separate defense, Defendant alleges that it has not infringed and is not currently infringing the '282 Patent, either directly or indirectly, contributorily or by inducement.

20. As a third and separate defense, Defendant alleges that the '282 Patent is invalid for failure to comply with one or more requirements of the Patent Act, including 35 U.S.C. §§

102, 103, and 112.

21. As a fourth and separate defense, Defendant alleges that Plaintiff's claims are barred, in whole or in part, by doctrines of unclean hands and/or equitable estoppel.

22. As a fifth and separate affirmative defense, Defendant alleges that pursuant to the doctrine of prosecution history estoppel, Plaintiff is estopped from construing the claims of the '282 Patent to cover any of Sling's products or services.

23. As a sixth and separate affirmative defense, Defendant alleges that Plaintiff lacks standing to assert infringement of the '282 Patent.

24. As a seventh and separate affirmative defense, Defendant alleges that Plaintiff has failed to set forth facts alleging reprehensible culpability on the part of Sling, which is a prerequisite for both a finding of willfulness and an award of enhanced damages, and that an award of enhanced damages under any other standard would be a due process violation.

25. As an eighth separate affirmative defense, Defendant alleges that Plaintiff is barred from asserting the '282 Patent under the doctrine of laches.

26. As a ninth separate affirmative defense, Defendant alleges that Plaintiff is barred from asserting the '282 Patent under the doctrine of waiver and estoppel.

27. As a tenth separate affirmative defense, Defendant alleges that Plaintiff has failed to set forth the allegations of the Answer and Counterclaim with sufficient particularity to provide Sling with a sufficient basis to form a belief as to whether it may have additional, as yet unstated defenses. Defendant reserves the right to assert additional defenses in the event that discovery or investigation reveals that they would be appropriate.

## VIII. COUNTERCLAIMS

Defendant Sling further asserts the following counterclaims against Plaintiff, Mershon:

**IX.   PARTIES**

28.   Sling is a Delaware Corporation with its principal place of business located at 1051 E. Hillsdale Avenue, Suite 500, Foster City, CA 94404.

29.   On information and belief, Stuart Mershon is an individual residing in New Jersey.

**X.   JURISDICTION AND VENUE**

30.   This is an action for declaratory relief made pursuant to 28 U.S.C. § 2201 and 35 U.S.C. § 1, *et seq*.  An actual controversy exists under the Declaratory Judgment Act because Plaintiff has brought the present infringement action against Defendant, and Defendant is engaging in steps that Plaintiff has accused of infringement.  Subject matter jurisdiction exists pursuant to 28 U.S.C. § 1338(a) because this action arises under the patent laws of the United States.

31.   This Court has personal jurisdiction over the Plaintiff by virtue, *inter alia,* of its filing of complaints in this Court.

32.   Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400.

**XI.   COUNT ONE: DECLARATORY JUDGMENT OF NONINFRINGEMENT**

33.   Defendant and Counterclaim-Plaintiff incorporates by reference its averments in paragraphs 1-32 above.

34.   Plaintiff claims to be the owner of the '282 Patent and claims to have the right to enforce the '282 Patent.

35.   Plaintiff in this action alleges infringement of the '282 patent by Defendant.

36.   Defendant and Counterclaim-Plaintiff does not infringe on any of the claims of the '282 Patent.

37.   Defendant and Counterclaim-Plaintiff therefore seeks a judgment declaring that it

does not and has not directly or indirectly, contributorily or by inducement, infringe any claim of the '282 Patent.

## XII.     COUNT TWO: DECLARATION OF INVALIDITY OF THE '282 PATENT

38.     Defendant and Counterclaim-Plaintiff incorporates by reference its averments in paragraphs 1-37 above.

39.     Defendant and Counterclaim Plaintiff seeks a declaration that the '282 Patent is invalid for failure to comply with one or more requirements of the Patent Act, including 35 U.S.C. §§ 102, 103, and 112.

## PRAYER FOR RELIEF

Sling prays for judgment with respect to Mershon's Complaint and Sling's Defenses and the above Counterclaims as follows:

a.     this Court enter judgment against Mershon and in favor of Sling on the claims set forth in the Complaint filed by Plaintiff and that such claims be dismissed with prejudice;

b.     this Court find and declare that the claims of '282 patent are not infringed by Sling and that Sling is not liable as an infringer;

c.     this Court find and declare that the claims of the '282 patent are invalid;

d.     this Court find that this is an exceptional case and award Sling its attorneys' fees pursuant to 35 U.S.C. § 285 or otherwise; and

e.     this Court grant Sling such other and further relief as the Court shall deem just and proper.

## XIII. DEMAND FOR JURY TRIAL

Sling demands trial by jury on all issues so triable.

Dated: February 9, 2007

Respectfully submitted,
FENWICK & WEST LLP

/s/ Charlene M. Morrow
Charlene M. Morrow
Lead Attorney
California Bar No. 136411
cmorrow@fenwick.com
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone: (650) 988-8500
Facsimile: (650) 938-5200

Tyler Baker (Texas Bar No. 01595600)
tbaker@fenwick.com
Heather N. Mewes (California Bar No. 203690)
hmewes@fenwick.com
Sara E. Jenkins (California Bar No. 230097)
sjenkins@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone: (650) 988-8500
Facsimile: (650) 938-5200

ATTORNEYS FOR DEFENDANT, SLING MEDIA, INC.